UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY L. TOBIN-ROSMAN (AKA MARY L. TOBIN),<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, U.S. BANK NAT'L ASS'N, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITY CORPORATION, HOME EQUITY MORTGAGE-ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-EMX3,<br><br>Defendants. | Civil Action No.: 1:19-cv-11704-LTS |

## JOINT STATUS REPORT

Plaintiff Mary L. Tobin-Rosman ("Plaintiff") and Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank National Association, as Trustee for Residential Asset Security Corporation, Home Equity Mortgage-Asset Backed Pass-Through Certificates, Series 2006-EMX3 ("U.S. Bank," and together with Wells Fargo, "Defendants") submit this Joint Status Report pursuant to the Court's Order dated September 4, 2019. See ECF No. 9.

1.     On September 4, 2019, the parties filed a Joint Motion to Stay Case pending a decision in Thompson v. JPMorgan Chase Bank, N.A., C.A. No. 18-1559 (1st Cir.), which was certified to the Supreme Judicial Court of Massachusetts (No. SJC-12798) on the primary issue raised in Plaintiff's Amended Complaint in this case. Specifically, the First Circuit certified the following question to the Supreme Judicial Court: "Did the statement in the August 12, 2016, default and acceleration notice that 'you can still avoid foreclosure by paying the total past-due

1

amount before a foreclosure sale takes place' render the notice inaccurate or deceptive in a manner that renders the subsequent foreclosure sale void under Massachusetts law?" Thompson v. JPMorgan Chase, N.A., C.A. No. 18-1559, 2019 WL 3418943 (1st Cir. July 29, 2019) (Order of Court and Certification of Question to the Massachusetts Supreme Judicial Court).  At issue before the Supreme Judicial Court was whether the pre-foreclosure default letter complied with the requirements set forth in Paragraphs 19 and 22 of the Thompsons' mortgage.[1]

2.  On November 25, 2020, the Supreme Judicial Court answered the certified question "No."  Thompson v. JPMorgan Chase Bank, N.A., 158 N.E.3d 35 (Mass. 2020).  The Supreme Judicial Court held that the default notice at issue was not "potentially deceptive" because, when reading the terms of the mortgage contract as a whole in conjunction with Massachusetts law, "the more generous reinstatement period provided under G.L. c. 244, § 35A, governs over the contractually imposed time limits on reinstatement articulated in paragraph 19 of the GSE Uniform Mortgage."  Id.  Additionally, "[r]eading paragraphs 12 and 16 of the plaintiffs' mortgage together with this applicable regulation makes clear that Chase not only had the contractual option to accept a reinstatement payment at any point prior to foreclosure, it was required to do so."  Id.

3.  On December 9, 2020, the First Circuit adopted the Supreme Judicial Court's answer to the certified question, and affirmed the trial court's dismissal of Thompson's complaint. Thompson v. JPMorgan Chase Bank, N.A., C.A. No. 18-1559, 2020 WL 7238390, at *4 (1st Cir. Dec. 9, 2020).

4.  The same pre-foreclosure default letter and mortgage sections at issue in Thompson are at issue in this case, and the issue in Thompson — whether a default/acceleration notice

---

[1] Paragraph 22 of the mortgage required JPMorgan to "inform [the Thompsons] of the right to reinstate after acceleration," and Paragraph 19 of the mortgage "imposes conditions and time limitations on that right [to reinstate]," including the need to reinstate "five days before the sale of the Property…"  See Thompson v. JPMorgan Chase Bank, N.A., 915 F.3d 801, 802-04 (1st Cir. 2019) (quoting mortgage).

complied with Massachusetts foreclosure law — is the same issue presented in Plaintiff's Amended Complaint.

5.      Accordingly, the First Circuit's decision in Thompson is dispositive of Counts I-IV of Plaintiff's Amended Complaint, and the parties agree to dismiss Counts I-IV in their entirety.

6.      The Thompson decision, however, is not determinative of Plaintiff's Count V, which pertains to loan modifications claims.

7.      Accordingly, the parties request that the Court dismiss Counts I-IV now, and give the parties twenty-one (21) days to discuss a potential resolution as to Count V. If the parties are unsuccessful in trying to resolve Count V, Defendants will file a response to Count V twenty-one (21) days after the conclusion of the settlement discussion period.

Dated: December 18, 2020

Respectfully submitted,

Defendants, Wells Fargo Bank, N.A., U.S. Bank National Association, as Trustee for Residential Asset Security Corporation, Home Equity Mortgage-Asset Backed Pass-Through Certificates, Series 2006-EMX3,

By their counsel,

 /s/ David E. Fialkow
David. E. Fialkow (BBO #666192)
david.fialkow@klgates.com
Jack S. Brodsky (BBO #696683)
jack.brodsky@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
+1 617 261 3100
+1 617 261 3175 (f)

Plaintiff, Mary L. Tobin-Rosman,

By her counsel,

*/s/ Todd S. Dion*
Todd S. Dion, Esq. (659109)
15 Cottage Avenue, Ste 202
Quincy, MA 02169
401-965-4131 Cell
401-270-2202 Fax
toddsdion@msn.com

**CERTIFICATE OF SERVICE**

    I, Jack S. Brodsky, certify that the foregoing filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 18th day of December, 2020.

*/s/ Jack S. Brodsky*
Jack S. Brodsky