UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY L. TOBIN-ROSMAN (AKA MARY L. TOBIN), <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO BANK, U.S. BANK NAT'L ASS'N, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITY CORPORATION, HOME EQUITY MORTGAGE-ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-EMX3, <br><br> Defendants. | Civil Action No.: 1:19-cv-11704-LTS |

## **WELLS FARGO AND U.S. BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank National Association, as Trustee for Residential Asset Security Corporation, Home Equity Mortgage-Asset Backed Pass-Through Certificates, Series 2006-EMX3 ("U.S. Bank," together with Wells Fargo, "Defendants") hereby respond to the allegations contained in each correspondingly numbered paragraph of Plaintiff Mary L. Tobin-Rosman's ("Plaintiff") Amended Complaint by denying each and every allegation not specifically admitted herein and by further responding and defending as follows:

### **INTRODUCTION**

1. The Introduction to the Amended Complaint contains a summary of the claims brought by Plaintiff in this matter as well as legal conclusions, and no response to this paragraph of the Amended Complaint is warranted. To the extent that a response is required, Defendants deny any and all wrongdoing and liability.

1

2. The Introduction to the Amended Complaint contains a summary of the claims brought by Plaintiff in this matter as well as legal conclusions, and no response to this paragraph of the Amended Complaint is warranted. To the extent that a response is required, Defendants deny any and all wrongdoing and liability.

3. The Introduction to the Amended Complaint contains a summary of the claims brought by Plaintiff in this matter as well as legal conclusions, and no response to this paragraph of the Amended Complaint is warranted. To the extent that a response is required, Defendants deny any and all wrongdoing and liability.

## JURISDICTION AND VENUE

4. The allegations in Paragraph 4 are legal conclusions and a statement of jurisdiction to which no response is required.

5. The allegations in Paragraph 4 are legal conclusions and a statement of jurisdiction to which no response is required.

## PARTIES

6. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 6.

7. Wells Fargo admits that it is a national bank with a principal place of business located at 101 N. Phillips Avenue, Sioux Falls, SD 57104. Wells Fargo denies any allegations inconsistent therewith.

8. U.S. Bank admits that it is the trustee of the 2006-EMX3 trust and that the trustee has a principal place of business in Minneapolis, Minnesota. U.S. Bank denies any allegations inconsistent therewith.

## ALLEGATIONS OF THE PLAINTIFF ROSMAN

9. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 9.

10. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 10. Answering further, the referenced deed speaks for itself.

11. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 11. Answering further, the referenced deed speaks for itself.

12. The mortgage loan, including the mortgage and the promissory note referenced in paragraph 12 speak for themselves. Defendants deny any and all allegations inconsistent therewith.

13. The allegations contained in Paragraph 13 pertain exclusively to Counts I-IV of the Amended Complaint, which the Court dismissed on December 18, 2020 (see ECF No. 25), and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants state that the mortgage speaks for itself.

14. The allegations contained in Paragraph 14 pertain exclusively to Counts I-IV of the Amended Complaint, which the Court dismissed on December 18, 2020 (see ECF No. 25), and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 14, and state that the mortgage speaks for itself.

15. Defendants state that the documents referenced in Paragraph 15 speak for themselves and deny any allegations inconsistent therewith.

16. Defendants state that the documents referenced in Paragraph 16 speak for themselves and deny any allegations inconsistent therewith.

17. Defendants state that the documents referenced in Paragraph 17 speak for themselves and deny any allegations inconsistent therewith.

18. Defendants admit that U.S. Bank is the holder of Plaintiff's Note, and Wells Fargo is the servicer of Plaintiff's Mortgage. Defendants deny any allegations inconsistent therewith.

19. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 19.

20. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21, which are an inaccurate representation of the parties' dealings during that time-period.

22. Defendants deny the allegations in Paragraph 22.

23. The allegations in Paragraph 23 are legal conclusions, and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 23, which are an inaccurate representation of the parties' dealings during that time-period.

24. Defendants admit that in January 2015, Plaintiff applied for a Trial Period Plan ("TPP") under the HAMP program. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 24, but state that the terms of the TPP speak for themselves.

25. Defendants deny the allegations in Paragraph 25. Defendants further state that pursuant to the terms of the TPP, Plaintiff was required to continue making TPP payments in the same amount until approved for a modification. Plaintiff failed to do so.

26. Defendants deny the allegations in Paragraph 26. Pursuant to the terms of the TPP, Plaintiff was required to continue making TPP payments in the same amount until approved for a modification. Plaintiff failed to do so.

27. The allegations in Paragraph 27 are legal conclusions, and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 27. Defendants further state that pursuant to the terms of the TPP, Plaintiff was required to continue making TPP payments in the same amount until approved for a modification. Plaintiff failed to do so.

28. The allegations in Paragraph 28 are legal conclusions, and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 28. Defendants further state that pursuant to the terms of the TPP, Plaintiff was required to continue making TPP payments in the same amount until approved for a modification. Plaintiff failed to do so.

29. The allegations contained in Paragraph 29 pertain exclusively to Counts I-IV of the Amended Complaint, which the Court dismissed on December 18, 2020 (see ECF No. 25), and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 29.

30. The allegations contained in Paragraph 30 pertain exclusively to Counts I-IV of the Amended Complaint, which the Court dismissed on December 18, 2020 (see ECF No. 25), and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 30.

31. The allegations contained in Paragraph 31 pertain exclusively to Counts I-IV of the Amended Complaint, which the Court dismissed on December 18, 2020 (see ECF No. 25), and no

response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 31.

32. The allegations contained in Paragraph 32 pertain exclusively to Counts I-IV of the Amended Complaint, which the Court dismissed on December 18, 2020 (see ECF No. 25), and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 32.

33. The allegations contained in Paragraph 33 pertain exclusively to Counts I-IV of the Amended Complaint, which the Court dismissed on December 18, 2020 (see ECF No. 25), and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 33.

34. The allegations contained in Paragraph 34 pertain exclusively to Counts I-IV of the Amended Complaint, which the Court dismissed on December 18, 2020 (see ECF No. 25), and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 34.

35. The allegations contained in Paragraph 35 pertain exclusively to Counts I-IV of the Amended Complaint, which the Court dismissed on December 18, 2020 (see ECF No. 25), and no response to this paragraph of the Amended Complaint is warranted. Notwithstanding the foregoing, Defendants state that the referenced statute speaks for itself.

36. The allegations contained in Paragraph 36 pertain exclusively to Counts I-IV of the Amended Complaint, which the Court dismissed on December 18, 2020 (see ECF No. 25), and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 36.

37. The allegations contained in Paragraph 37 pertain exclusively to Counts I-IV of the Amended Complaint, which the Court dismissed on December 18, 2020 (see ECF No. 25), and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 37.

38. The allegations contained in Paragraph 38 pertain exclusively to Counts I-IV of the Amended Complaint, which the Court dismissed on December 18, 2020 (see ECF No. 25), and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 38.

## COUNT V
## BREACH OF CONTRACT - TPP[1]

127. Defendants repeat their responses to Paragraphs 1-38 as if fully set forth herein.

128. The allegations in Paragraph 128 are legal conclusions, and no response to this paragraph of the Amended Complaint is warranted.

129. The allegations in Paragraph 129 are legal conclusions, and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 129, which are an inaccurate representation of the parties' dealings.

130. The allegations in Paragraph 130 are legal conclusions, and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 130, which are an inaccurate representation of the parties' dealings.

---

[1] The Court dismissed Counts I-IV on December 18, 2020 (see ECF No. 25). Accordingly, no response to Paragraphs 39-126 of the Amended Complaint is required. To the extent any response to Count IV is required, Wells Fargo denies the allegations and claims in their entirety.

131. The allegations in Paragraph 131 are legal conclusions, and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 131.

132. The allegations in Paragraph 132 are legal conclusions, and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 132.

133. Defendants admit that in January 2015, Plaintiff applied for a TPP. The terms of the TPP speak for itself and Defendants deny any and all allegations inconsistent therewith.

134. Defendants admit that Plaintiffs tendered the payments alleged in paragraph 134, however, under the terms of the TPP, Plaintiff was required to continue making TPP payments in the same amount until approved for a modification. Plaintiff failed to do so. Therefore, Defendants deny the remaining allegations of paragraph 134

135. The allegations in Paragraph 135 are legal conclusions, and no response to this paragraph of the Amended Complaint is warranted. To the extent a response is required, Defendants deny the allegations in Paragraph 135 because Plaintiff was required to continue making TPP payments in the same amount until approved for a modification, and Plaintiff failed to do so.

136. Defendants deny the allegations in Paragraph 136.

137. Defendants deny the allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138.

139. Defendants deny the allegations in Paragraph 139.

140. Defendants deny the allegations in Paragraph 140.

141. Defendants deny the allegations in Paragraph 141.

142. Defendants deny the allegations in Paragraph 142.

143. Defendants deny the allegations in Paragraph 143.

144. Defendants deny the allegations in Paragraph 144.

145. Defendants deny the allegations in Paragraph 145.

146. Defendants deny the allegations in Paragraph 146.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred because she suffered no injury or damages.

### Third Affirmative Defense

To the extent Plaintiff suffered any damages, such damages were caused by her own conduct.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in party, because she failed to perform contractual obligations.

### Fifth Affirmative Defense

Plaintiff failed to mitigate her damages, if any exist.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and/or *in pari delicto*.

## Seventh Affirmative Defense

To the extent that Plaintiff obtains any financial recovery in this case, such amounts should be setoff against amounts due and owing under the mortgage.

Defendants have insufficient knowledge or information to determine whether they may have additional, as yet unstated, affirmative defenses available. Defendants have not knowingly or intentionally waived any applicable additional affirmative defenses and reserve the right to add additional and/or amend their affirmative defenses, as more information becomes known during the pendency of this case.

WHEREFORE, Defendants request that the Court (1) dismiss Plaintiff's First Amended Complaint with prejudice; (2) enter judgment in Defendants' favor; (3) award Defendants their reasonable costs and attorneys' fees necessarily incurred in the defense of this action; and (4) enter such other and further relief it deems just and proper.

[*SIGNATURE PAGE FOLLOWS*]

Dated: January 8, 2021

Respectfully submitted,

Defendants, Wells Fargo Bank, N.A., U.S. Bank National Association, as Trustee for Residential Asset Security Corporation, Home Equity Mortgage-Asset Backed Pass-Through Certificates, Series 2006-EMX3,

By their counsel,

*/s/ David E. Fialkow*
David. E. Fialkow (BBO #666192)
david.fialkow@klgates.com
Jack S. Brodsky (BBO #696683)
jack.brodsky@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
+1 617 261 3100
+1 617 261 3175 (f)

# **CERTIFICATE OF SERVICE**

I, Jack S. Brodsky, certify that the foregoing filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 8th day of January, 2021.

*/s/ Jack S. Brodsky*
Jack S. Brodsky